Albert MANN as Administrator of the Goods, Chattels, and Credits of the Estate of Michael Mann, Deceased, Plaintiff,

v.

The VILLAGE OF WALDEN and William A. Schmeiser, Defendants.

SECURITY INSURANCE COMPANY OF HARTFORD, Intervenor-Plaintiff,

v.

The TRUSTEES OF THE VILLAGE OF WALDEN, William A. Schmeiser, Albert Mann as Administrator of the Goods, Chattels and Credits of Michael Mann, Intervenor-Defendants.

No. 78 CIV 6191 (LBS).

United States District Court,
S. D. New York.

Nov. 26, 1979.

Dennis H. Lewitas, New York City, for plaintiff.

Jacobowitz & Gubits, Walden, N. Y., John H. Thomas, Jr., Walden, N. Y., Rein, Mound & Cotton, New York City, for defendants.

## OPINION

SAND, District Judge.

The question raised by defendants' motion for summary judgment is whether a cause of action under 42 U.S.C. § 1983 lies here or whether plaintiff's sole remedy, if any, is in a pending state court negligence action.[1] We conclude that plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 and grant defendants' motion.

## I. BACKGROUND

Late in the evening of June 16, 1978, Michael Mann, a sixteen year old youth, was killed in an automobile accident in the Village of Walden. Plaintiff is the administrator of the estate. The defendants are

---

1. Plaintiff has brought an action against the same defendants herein and others in the Supreme Court of the State of New York, County of Orange, to recover for the pain and suffering and wrongful death of plaintiff's decedent.

2. Supporting affidavits were supplied by defendant William M. Schmeiser, Officer Charles E. Hughes, Officer Edward A. Eisley, Robert P. Tenney, Brenda Adams, John L. Frangione, and John Thomas, Jr., defendants' attorney. Opposing affidavits were supplied by Charlotte

the Village of Walden and William A. Schmeiser, a police officer.

The complaint alleges, in pertinent part:

"5. Suddenly and without probable cause this car was pursued by a police car of the defendant, THE VILLAGE OF WALDEN, being driven by one Officer WILLIAM A. SCHMEISER.

6. As a result of this pursuit an accident occurred which resulted in the death of the plaintiff's decedent.

7. This pursuit was conducted with total disregard of the safety of the plaintiff's decedent and in violation of his due process rights guaranteed by the Fourteenth Amendment in that there was no probable cause for the pursuit and the chase was conducted in a wanton and reckless manner.

8. This event was a part of an ongoing campaign of harrassment [sic] and discrimination against the young people of the community by the police in accordance with the policy, practice, and custom set and determined by the defendant, THE VILLAGE OF WALDEN."

The facts as adduced from affidavits submitted in support of the motion,[2] deposition testimony in the pending state court action, and a statement of a witness, Debbie Noel, submitted by plaintiff at the oral argument of this motion without objection from defendants, are as follows:

David Wheat had parked his car at an Arco gas station while he and Michael Mann went to the nearby Eddie's Bar. After leaving the bar they went to the car where they were joined by Thomas Decker, who was a second and the sole surviving passenger in the Wheat automobile.

---

Mann, the mother of the plaintiff's decedent, Patricia Constabile and Dennis Lewitas, plaintiff's attorney. Unlike the supporting affidavits, the opposing affidavits were not based on the personal knowledge of the deponents regarding the actual circumstances of the accident of June 16, 1978. The only document submitted by the plaintiff based on personal knowledge is the statement of Debbie Noel, which is set forth as an Appendix to this opinion.

Wheat pulled out of the parking area in the following manner according to the statement of Debbie Noel, relied on by plaintiff:

"They pulled out of lot, squealed their wheels, headlights off."

This version of the manner in which the Wheat car left the lot is consistent with that given by Thomas Decker at his deposition.

The Wheat car was observed by Officer Schmeiser, who was in a marked police car. Officer Schmeiser states in his affidavit in support of this motion:

"5. Deponent [Officer Schmeiser] did not know that there were any 'young people' in the Wheat vehicle. From deponent's brief glimpse of the speeding vehicle, deponent could not tell the age, young or old, or the sex, or any other characteristic of the driver. Deponent could not tell whether or not there were any passengers in the speeding vehicle.

6. All deponent saw was the head lights of a speeding auto coming in the opposite direction toward deponent. In addition to the poor lighting conditions of the area and the head lights of the Wheat vehicle shining in the deponent's eyes, the high speed of the Wheat vehicle completely obscured the interior of the vehicle.

7. The unsafe start and the high speed of the Wheat vehicle occurred prior to deponent's turning around and following the speeding auto. By the time deponent was able to turn around and follow the Wheat vehicle, it was out of sight. The occupants of the Wheat vehicle could not have seen deponent following it or known deponent was following it. This was not a chase in which the Wheat vehicle was running from the police. Deponent was attempting to apprehend a speeding vehicle whose driver could not have known, prior to the fatal crash that he was being pursued by a police vehicle. The high speed of the Wheat vehicle cannot in any way be attributed to the Village police."

Thomas Decker testified that he did not remember seeing any police car prior to the accident, nor did he remember hearing any siren or seeing any red or yellow flashing lights.

After the accident, blood samples were taken from the two deceased persons. Both the driver David Wheat and plaintiff's decedent, Michael Mann, were legally intoxicated at the time of the accident.

The plaintiff's theory is set forth in the paragraphs of the complaint, quoted *supra*, and is elaborated upon in plaintiff's interrogatory responses. Thus, plaintiff replied to one of defendants' interrogatories as follows:

". . . [I]t is claimed by plaintiffs that the entire Police Department of the Village of Walden, including but not limited to defendant SCHMEISER and other personnel of the Police Department, were engaged in an intentional and organized effort to harass, intimidate and entrap certain of the teen-age youth living and traversing in and about and through the Village of Walden, for a period of time of at least one year preceding June 16, 1978. This resulted in defendant SCHMEISER, an officer in the Walden Police Department, on the night of June 16, 1978, engaging one David B. Wheat in a high-speed chase eastbound on East Main Street, in the Village of Walden, New York. Plaintiff's intestate, MICHAEL MANN, was a passenger in the vehicle being operated by Wheat and chased by SCHMEISER, along with certain other persons. The act of defendant SCHMEISER in chasing the Wheat vehicle, for no reasonable or probable cause, resulted in Wheat colliding head on into another vehicle, causing his death and the death of the plaintiff's intestate. It is believed that this was not the first time defendants through their agents, servants and/or employees, chased teen-age youth in their automobiles resulting in death. Another officer on the Village of Walden Police force, upon information and belief one Robert Martin, was previously involved in a similar high-speed chase in which two other teenagers died."

## II. DISCUSSION

### A.

■ Summary judgment is a "remedy to be granted only where the requirements of Rule 56, Fed.R.Civ.P., have clearly been met." *United States v. Bosurgi*, 530 F.2d 1105, 1110 (2d Cir. 1976). Under Rule 56, it must appear to the court that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party it entitled to a judgment as a matter of law." Rule 56(e) provides that "when a motion for summary judgment is supported by the documents listed in Rule 56(c)—depositions, affidavits, answers to interrogatories, and admissions— an adverse party may not rest upon mere conclusory allegations of denials. The party opposing the motion must set forth 'concrete particulars' * * *." *S. E. C. v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). In determining whether to grant a motion for summary judgment, "the district court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* Moreover, it must "resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought . . . .". *Schiess-Froriep Corp. v. S. S. Finnsailor*, 574 F.2d 123, 126 (2d Cir. 1978); *S. E. C. v. Research Automation Corp., supra*, 585 F.2d at 33.

■ We determine that the moving parties, the defendants, have sustained their burden of demonstrating to this Court the absence of any genuine issue of material fact, and that the plaintiff, the opposing party, has failed to meet its obligation under Rule 56(e) to "set forth specific facts showing that there is a genuine issue for trial."

■ The defects in plaintiff's contentions are quite clear. There simply does not appear to be any factual connection between the alleged "intentional and organized effort to harass, intimidate and entrap certain of the teen-age youth" and the events leading up to the tragedy which took the life of plaintiff's decedent. We assume, as for purposes of a motion for summary judgment we must, that the attitude and actions of the Walden Police vis-a-vis teenagers is as plaintiff alleges. But there is no basis whatsoever for an allegation of harassment or entrapment prior to this accident. Plaintiff, who proffers the statement of Debbie Noel, cannot dispute that the Wheat vehicle was being operated in an unlawful manner. Although the complaint alleges, ¶ 8 *supra*, that "[t]his event was a part of an ongoing campaign of harassment", it is not alleged, and there would appear to be no basis for an allegation, that Officer Schmeiser had any awareness that the vehicle was occupied by teenagers.[3] Indeed, given the affidavit of Officer Schmeiser as to the location of the vehicles and the deposition testimony of passenger Decker, there does not appear to be any factual relationship between the officer's pursuit and the accident.[4] In short, there appears to be no basis for alleging a civil rights violation pursuant to a policy, practice or custom of "ongoing harassment" set by the Village of Walden. Moreover, even assuming *arguendo* that a police officer's negligence alone can give rise to § 1983 liability, *but see* Part B, *infra*, *Baker v. McCollan*, 443 U.S. 137, 139, 99

---

**3.** Thus, even if we assume that Wheat was aware that he was being pursued and that this caused him to accelerate the speed of his vehicle, there would be no basis for alleging a civil rights violation on the theory set forth in ¶ 8 of the complaint.

**4.** One can hypothesize circumstances in which a policy, such as is alleged herein, could result in an accident. This would be the case, for example, where an officer arbitrarily and discriminatorily determined to pursue a vehicle being lawfully operated by one he knew to be a teenager. Or it might result from a teenage driver being so fearful of the treatment he might receive from the police officer he knew was pursuing him, that he did not stop but accelerated speed to escape arrest. Neither of these theories, nor any other like hypothesis suggested by plaintiff, is factually applicable here.

S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) and *Popow v. City of Margate*, 476 F.Supp. 1237 (D.N.J.1979) (slip opinion), there is nothing in the various papers and documents before us to support a contention that Officer Schmeiser was negligent, or that, as noted *supra*, his conduct, negligent or otherwise, caused the death of the plaintiff's decedent.[5]

We are mindful that we must resolve any seriously disputed issues in favor of plaintiff and we have done so in deciding this motion. But the undisputed facts concerning this occurrence negate any basis for a contention that a violation of the civil rights of plaintiff's decedent caused the accident in which he perished.

B.

■ Alternatively, were one to conclude that the complaint adequately alleges some form of "negligence"[6] and that the facts here would permit a jury to find both negligence and a causal relationship between that negligence and the accident, the question remains whether the "negligence" was of such nature as to give rise to a § 1983 cause of action. We hold that it would not since it did not constitute an abuse of power. See *Popow v. City of Margate, supra.*

■ The question whether "negligence" gives rise to a civil rights cause of action should not be resolved by examining the quantum of the negligence[7] and applying terms like "simple negligence" or "mere negligence", concepts which have acquired meaning elsewhere in the law of torts. Rather one should make an inquiry with respect to the nature as well as the magnitude of the negligence. Is the "negligence" such that, consistent with sound principles of federalism and the purposes of the civil rights laws, it should trigger federal intervention in a suit against a local government and its representatives? Perhaps suitable terminology might be to ask whether one is dealing with "abusive" or "nonabusive" negligence, *i. e.*, whether the conduct of the local government or its representative, whether by commission or omission, is such an abuse of power as to make federal intervention appropriate by way of civil rights jurisdiction. Here, the fact finder could not permissibly conclude that defendant Schmeiser's conduct was an "abuse of power".[8]

---

5. Although we deal alternatively in Part B of this opinion with the complaint from the standpoint of a negligence claim distinct from considerations of harassment and discrimination, it is far from clear that plaintiff is asserting such a claim in this case. It appears more likely that he has split his theories and actions and is pursuing a claim of negligence in the state court and is predicating the federal cause of action on the allegations of "harassment and discrimination". Complaint ¶ 8. See also plaintiff's interrogatory response, *supra*, p. 156.

Plaintiff, acting through the same counsel, has started his negligence action in the state court and in that tribunal, there can be a full exploration and resolution of any issues relating to questions of common law negligence. We do not mean, by anything that we say herein, ruling solely on the complaint and record before us, to intimate any views as to the merits of the state court claim. We hold merely that in this action, plaintiff has predicated liability under Section 1983 on the theory of harassment and entrapment and the facts do not support a contention that there was a relationship between such a policy and the accident.

6. The complaint alleges that the pursuit "was conducted with total disregard of the safety of the plaintiff's decedent . . . and the chase was conducted in a wanton and reckless manner." Complaint, ¶ 7. Arguably, under this complaint, it would be open to plaintiff to assert that under the circumstances, Officer Schmeiser failed to act in a prudent manner and that instead of attempting to pursue the illegally operated vehicle, he should have radioed ahead to another police car to make the interception or taken some other action. (It seems clear that some action on Officer Schmeiser's part was mandated and that if he simply ignored an automobile being driven in an unlawful and dangerous manner, he would have been derelict in his duties.)

7. We are, of course, not bound by the complaint's description of defendant Schmeiser's conduct as wanton or reckless. *S. E. C. v. Research Automation Corp., supra*, 585 F.2d at 33.

8. Unlike *Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979), discovery has already taken place and the death of the two other occupants of the vehicle forecloses any further likely development of the relevant facts at a trial.

Alternatively, the motion for summary judgment is granted since a cause of action under 42 U.S.C. § 1983 does not lie, even if Officer Schmeiser was negligent and there was a causal relationship between that defendant's conduct and the death of plaintiff's decedent because the "negligence" here in question does not constitute a civil rights violation.[9]

The motion is granted and the complaint is dismissed.

So Ordered.

## APPENDIX

Debbie Hose, age 15, Valley Central HS, 90 Orchard St, Walden —
On 6/16/78 while near Eddie's Bar, in Arco parking lot, spoke to David Sheet; Peeled out & Tommy Sleeker. They pulled out of lot, squealed their wheels, headlights off. As they passed, police car came out of 7-11 lot, put on his lights & a black car has seven. Later she was told that there was an accident + she went over to see it.

Debbie Hose

**9.** We do not attempt to define the parameters of negligent conduct which would appropriately give rise to a valid § 1983 action. Such a definition is by no means an easy matter. *Baker v. McCollan, supra,* 443 U.S. at 139, 99 S.Ct. at 2692. We are satisfied, however, that in a case such as this, where plaintiff has and is actively pursuing an adequate state remedy and where the assertions of negligence are as remote and conjectural as appear here, federal intervention in the form of a § 1983 action was not intended by the enactors of that statute.